**UNITED STATES of America,**
**Plaintiff,**

v.

**Jimmie Allen BRIDGES,**
**Jr., Defendant.**

No. 02–CR–238.

United States District Court,
S.D. Iowa,
Central Division.

Feb. 21, 2003.

B. John Burns, III, Iowa Fed. Public Defender, Des Moines, IA, for Jimmie Allen Bridges, Jr.

John S. Courter, U.S. Atty., Des Moines, IA, for U.S.

## RULING

GRITZNER, District Judge.

Defendant's Motion to Suppress came on for hearing on February 14, 2003. Defendant was present with his counsel, B. John Burns. The government was represented by Assistant United States Attorney John Courter. The motion is now fully submitted to the Court for review.

### Material Facts

On October 12, 2002, at approximately 4:00 a.m., Jimmie Allen Bridges ("Defendant") was driving his vehicle in Altoona, Iowa, accompanied by a passenger in the car, Clint Bodkins ("Bodkins"). Defendant was stopped in the parking lot of an Amoco gas station and store by Altoona police for an improper rear lamp and failure of the front seat occupants to wear seatbelts. Defendant was asked to produce his driver's license, and he produced a Kentucky driver's license. A subsequent check of the Kentucky license revealed that Defendant's driving privileges were suspended and he did not possess an Iowa driver's license. The check by police also revealed that Defendant had an outstanding arrest warrant from Dubuque County, Iowa, for driving under suspension; however, the government indicates that Altoona was outside of the pickup area for the Dubuque County arrest warrant, and, therefore, De-

fendant was not arrested by the Altoona officers pursuant to that warrant. Defendant was ultimately given a citation for not having a valid driver's license. He was not placed under arrest. A check on Bodkins' driving status showed that his driving privileges were suspended.

The police officer testified that within minutes of informing Defendant he would be given a citation, the officer made the decision to impound Defendant's vehicle, due to the fact that neither Defendant nor Bodkins had valid operating privileges. Police subsequently conducted an inventory search of the vehicle pursuant to Altoona Police Department guidelines pertaining to impoundment. During the inventory search, officers discovered approximately 62 grams of a substance that was determined to be methamphetamine. Based on this evidence, Defendant was charged in a three count indictment with conspiracy to distribute more than 50 grams of a mixture or substance containing methamphetamine and two counts of possession with intent to distribute methamphetamine.

Defendant alleges that the impoundment of his vehicle was not authorized by Altoona Police Department guidelines; and, therefore, the search of his vehicle was not justified as a proper inventory search. Defendant requests that all evidence seized during the inventory of his vehicle and all fruits of that inventory be suppressed.

The Altoona Police Department does have a written procedure for impoundment of vehicles and subsequent inventory. The circumstances of this case, however, are not covered by the written procedure. The car was parked off the roadway in a commercial parking area with no licensed driver readily available to move the vehi-

cle.[1] Sgt. Ronald Griggs of the Altoona Police Department testified that the impoundment was discretionary under the circumstances. Sgt. Griggs described this impoundment as standard procedure for the department under such circumstances, but he could provide no written support for such a procedure or such an exercise of discretion. He testified the impoundment was necessary to protect the vehicle and to protect police from any later claim that the vehicle or its contents had been disturbed.

### Applicable Law and Discussion

■ As a point of departure, an inventory of a lawfully impounded automobile, where standard police procedures are followed, is not unreasonable under the Fourth Amendment. *South Dakota v. Opperman,* 428 U.S. 364, 376, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). In *Opperman* the court found that three state interests supported an inventory search: "the protection of the owner's property while it remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger." *Id.* at 369, 96 S.Ct. 3092 (citations omitted); *see also United States v. Hartje,* 251 F.3d 771, 775 (8th Cir.2001). "The central inquiry in determining whether such an inventory search is reasonable is a consideration of the totality of the circumstances." *Hartje,* 251 F.3d at 775.

In *Colorado v. Bertine,* the defendant was arrested and his van was inventoried and impounded by police. *Colorado v. Bertine,* 479 U.S. 367, 368, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). The van was inventoried pursuant to standardized police procedures, which required a detailed inspection and inventory of impounded vehicles. *Id.* at 369, 107 S.Ct. 738. In reject-

---

1. The only potential licensed driver discussed at the time was a few miles away in a differ- ent community without ready means to travel to the scene.

ing that defendant's argument that the inventory search of his vehicle was unconstitutional because departmental regulations gave police officers discretion to choose between impounding his van or parking and locking it in a public parking place, the court said "[n]othing in *Opperman* or *Lafayette* prohibits the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity". *Id.* at 375, 96 S.Ct. 3092.

An inventory must be conducted according to standardized criteria. *Bertine,* 479 U.S. at 374 n. 6, 107 S.Ct. 738. The Altoona Police Department has standardized criteria that governs the inventory of all impounded vehicles.[2] Altoona also has standardized, written procedures pertaining to when a vehicle may be impounded.

The basis of Defendant's Motion to Suppress is that the impoundment was not conducted pursuant to the Altoona Police Department Vehicle Impoundment and Inventory Policy, and, therefore, the impoundment was not lawful. Defendant argues that the policy does not provide for the impoundment of a vehicle under the circumstances of the present case.

The government maintains that in reviewing the totality of the circumstances, the police conduct was reasonable. The government asserts that since no licensed driver was available, the police officer followed Altoona's policy and lawfully impounded the vehicle and then further followed policy by performing an inventory search of the vehicle.

The Vehicle Impoundment and Inventory Policy states, in relevant part, as follows:

*Procedure:* Vehicles may be towed and impounded, or otherwise taken into the custody and control of the Department, under the following circumstances: When a subject is arrested and has been in control of or has been operating a motor vehicle ... During the investigation of a serious injury or fatality crash ... Vehicles parked or abandoned on the traveled portion of the roadway shall be impounded if the driver or registered owner of the vehicle is not readily accessible to remove the vehicle, or if no arrangement was made to have the vehicle towed in a timely manner. Any parked or abandoned vehicle which constitutes a safety hazard shall be impounded at the time the safety hazard is recognized, regardless of the efforts already made by the driver or registered owner.... Recovered stolen vehicles ... Vehicles with evidentiary value related to the commission of a crime shall be impounded. Examples: vehicles involved in armed robbery, burglary, kidnaping, sexual assault or homicide.

The Eighth Circuit has noted that "[a]s long as impoundment pursuant to the community caretaking [or public safety] function is not a mere subterfuge for investigation, the coexistence of investigatory and caretaking [or public safety] motives will not invalidate the search". *United States v. Wallace,* 102 F.3d 346, 348 (8th Cir.1996) (citing *United States v. Marshall,* 986 F.2d 1171, 1176 (8th Cir.1993)); *see also United States v. Rodriguez–Morales,* 929 F.2d 780, 787 (1st Cir.1991), *cert. denied,* 502

---

**2.** The policy states: "Impound inventory: All vehicles which are impounded shall be inventoried at the time of impoundment or immediately thereafter. Property inside the vehicle will be accounted for in writing, and the inventory will become a part of the case in-

vestigation." The policy further details what compartments of the vehicle shall be subject to the inventory search and how officers are to handle containers that are located in the vehicles.

U.S. 1030, 112 S.Ct. 868, 116 L.Ed.2d 774 (1992).

■ In the present case, there is no indication what community caretaking or public safety function the impoundment of Defendant's vehicle served. Unlike the defendants in *Bertine* and *Hartje*, Defendant was only given a citation; there was no arrest, and he was not in police custody. Although Defendant and his passenger could not legally drive the vehicle, they were available to protect the vehicle and its contents, to deal with the employees of the convenience store about parking in their lot, and to eventually make arrangements for a licensed driver to move the vehicle. In addition, there has been no showing in the record that Defendant's vehicle, parked in the Amoco parking lot stall, presented a threat to the public's safety. The interests identified by *Opperman* might be used to provide an explanation for the impoundment of Defendant's vehicle, but did not under these circumstances require the impoundment action. Where there is no identifiable community caretaking or public safety function served by the impoundment of Defendant's vehicle, a reasonable person could conclude that the impoundment was a mere subterfuge for investigation. Further, the fact that the impoundment was done so quickly, without other options being pursued, creates a suggestion that the impoundment was done primarily in order to perform the inventory.

The officer testified that pursuant to Altoona Police Department's standard operating procedure, officers have discretion to impound a vehicle for many unwritten reasons not contained in the policy. It is significant that the written procedures regarding impoundment do not provide for impoundment under the facts of the present situation, and that the policy does not indicate there will be times when officer discretion must be exercised in relation to unwritten situations that may present themselves.[3] Further, this general suggestion by the officer fails to provide an adequate record upon which to determine that the impoundment and inventory was done pursuant to a standard police procedure under these circumstances. While the Altoona officer in this case may have been motivated solely by the reasons offered and not by the hope of finding evidence of illegal activity, to allow an impoundment and inventory search under these circumstances would routinely allow law enforcement officers to "raise the inventory-search banner in an after-the-fact attempt to justify what was . . . purely and simply a search for incriminating evidence". *Hartje*, 251 F.3d at 776 (quoting *Marshall*, 986 F.2d at 1175). The Fourth Amendment would provide no limit in the wake of such a practice.

### Conclusion

Under the totality of the unique circumstances in the present case, the government has not carried its burden of proving that the evidence was legally obtained. Defendant's Motion to Suppress is, therefore, **granted.**

**IT IS SO ORDERED.**

---

**3.** The Court finds the word "may" in the Altoona Police Department procedures is reasonably read to indicate the officer has some discretion in the impoundment decision regarding circumstances set forth in the remainder of the written procedure, but not as a general grant of officer discretion under uncovered situations.